**NATIONAL PACKAGING CORPORA-TION, a corporation, Plaintiff,**

v.

**NIPPON YUSEN KAISHA (N. Y. K. LINE), a corporation, Defendant.**

No. C–71971.

United States District Court,
N. D. California.

Sept. 15, 1972.

Kent J. Clancy, of Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for plaintiff.

Anthony Cary, of Lillick, McHose, Wheat, Adams & Charles, San Francisco, Cal., for defendant.

## ORDER

WOLLENBERG, District Judge.

Plaintiff has moved that the Court strike defendant's second affirmative defense on the grounds that the word "delivery" as used in § 1303(6) of the Carriage of Goods by Sea Act (COGSA) 46 U.S.C. §§ 1300–1315 means *actual physical transfer* of goods from the carrier to the consignee. The meaning of the terms "delivery" and "proper delivery" are well established under the predecessor to COGSA, the Harter Act, 46 U.S.C. §§ 190–195. Apparently, however, this is the first time an American court has been called upon to decide what the term means as used in COGSA in a situation where the definition is cru-

cial to a determination of whether the action was filed within the one-year statute of limitations provided in the Act. Section 1303(6) provides in part:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered . . . ."

The Court has concluded that the definition "actual physical transfer" is not compelled by the language of COGSA. Although an equivalent definition was used in Milikowsky Bros., Inc. v. W. F. Kampman's, etc., 1969 A.M.C. 111, 112 (N.D.Ill., 1968), the statement made in that case was not necessary to its holding.

Just as "delivery" does not mean actual physical transfer, neither does it mean discharge from the ship, without more. Between these two extremes is a period in which the consignee should receive notice that the goods have been discharged and should have a reasonable opportunity to remove the goods or place them under proper care and custody. (See, for example, J. Kinderman & Sons v. Nippon Yusen Kaisha Lines, 322 F. Supp. 939, 941, 1971 A.M.C. 743 (D.Pa. 1971) and cases cited therein.) This concept of delivery is the essence of a "proper delivery" under the Harter Act, 46 U.S.C. § 190.

The only case cited to the Court which is essentially on all fours with the present case is Automatic Tube Company et al., v. Adelaide Steamship (Operations) Ltd. et al. (The "Beltana") a decision of the Supreme Court of Western Australia reported in [1967] 1 Lloyd's List L.R. 531. In that case, the court was called upon to construe the Australian COGSA statute of limitations provision, which is identical with § 1303(6) and to define "delivery". If delivery meant actual physical transfer, then plaintiff there, as here, would not have been time-barred. The Australian court rejected the actual physical transfer def-

inition and held that "in this case delivery of the goods was made either when the goods were landed on the wharf and freed from the ship's tackles . . . or at the very latest at the time they were placed [at the consignee's disposal]". ([1967] 1 Lloyd's List L.R. at 540)

The Court is inclined to follow the Beltana decision insofar as it interprets COGSA as rejecting the actual transfer definition and adopts the discharge + notice + opportunity to receive formula of "proper delivery". Plaintiff's motion is, therefore, denied.