### LITHOTIP, CA., Plaintiff,

v.

### S.S. GUARICO, her engines, boilers, etc., Compania Anonima Venezolana De Navegacion, Defendant.

### No. 82 Civ. 3216 (MEL).

United States District Court,
S.D. New York.

Sept. 17, 1984.

Donovan, Maloof, Walsh & Kennedy, New York City, for plaintiff; Judith A. Machmer, New York City, of counsel.

Gulmi, LaPenta, Campbell, Burns & Mahoney, New York City, for defendant; Edward A. Keane, Renato C. Giallorenzi, New York City, of counsel.

LASKER, District Judge.

In an earlier opinion, *Lithotip, CA v. S.S. Guarico,* 569 F.Supp. 837 (S.D.N.Y.1983), the defendant carrier Compania Anonima Venezolana de Navegacion ("Venline") moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 against the shipper Lithotip on the ground that this action for cargo damage was time-barred by the one year statute of limitations under the Carriage of Goods by Sea Act, 46 U.S.C. 1303(6) (1982) ("COGSA"). Defendant's motion was denied because, while "the COGSA statute of limitations began to run on the date on which Lithotip was notified of the arrival of the cargo and given an opportunity to retrieve it", Venline had not borne its burden of proving that Lithotip had filed its complaint more than one year after being given notice and an opportunity to retrieve the cargo. *See id.* at 840.

Venline now renews its motion for summary judgment on the ground that newly discovered evidence presently establishes that Lithotip began this action more than one year after receiving notice and an opportunity to retrieve the cargo. Lithotip cross-moves for partial summary judgment on the grounds that defendant has admitted its liability for the cargo loss and that it has failed to address the cross-motion. Defendant's motion is granted. Plaintiff's cross-motion is denied on the ground that the action is time-barred by the one year statute of limitations.

The cargo of newsprint arrived at its destination in Venezuela on April 30, 1981 and was discharged to the Instituto Nacional de Puertos ("INP"), the government agency responsible for port operations and cargo handling. Plaintiff learned of the cargo's arrival on May 4, 1981. On May 14, 1981, a Thursday, the INP issued its gate pass to plaintiff thereby entitling Lithotip to take possession of the cargo. Lithotip took delivery of the cargo between Monday May 18 and May 25, 1981. The complaint in this action was filed on May 18, 1982.

Since plaintiff was notified of the cargo's arrival on May 4, 1981 and was authorized to retrieve it on May 14, 1981, the complaint, filed on May 18, 1982, was in fact filed more than one year after the opportunity to retrieve arose. Lithotip argues, without citation to any authority, that its complaint is timely because it began actually to retrieve the cargo within two working days of receiving the opportunity to retrieve it and that this was "a reasonable time period to be within the legal definition of 'opportunity to retrieve'."

In our earlier opinion, defendant's argument that the statute of limitations began to run from the time the cargo was discharged to the INP was rejected because "[n]othing in the record indicates that INP had a duty to inspect the cargo for loss or damage.... [A] principle distinction between 'discharge' and 'delivery' is that delivery implies an opportunity for the consignee or his agent to observe defects."

*Id.* at 839, *citing, American Hoesch, Inc. v. Steamship Aubade*, 316 F.Supp. 1193, 1196 (D.S.C.1970). While this passage makes clear that the "opportunity to retrieve" requirement for accrual of the COGSA statute of limitations is intended to give consignees the chance to make inspections of cargo condition, there is no suggestion, either in the opinion or in any other COGSA case, that the statute does not begin to run until an actual inspection takes place. *See, e.g., National Packaging Corp. v. Nippon Yusen Kaisha*, 354 F.Supp. 986, 987 (N.D.Ca.1972); *American Hoesch, supra*, 316 F.Supp. at 1196. Although circumstances can be envisioned in which a consignee would be entitled to a reasonable amount of time to make a cargo inspection, plaintiff has offered no evidence to support its claim that in this case the statute should not be held to have commenced to run on the day on which plaintiff was given the opportunity to retrieve the cargo.

As revealed in the survey reports conducted on June 15, 1981 and attached to the affidavit of plaintiff's counsel, of the 523 rolls of newsprint that were to be delivered by defendant to plaintiff, 62 rolls were short-delivered and 106 were delivered with cuts and gashes. Plaintiff's counsel does not allege that a survey of the cargo's condition could not have been made on May 14 when the cargo was released to Lithotip or that such a survey would have required several days. Indeed, it would seem that comparatively little time would have been required for plaintiff or its agent to complete a survey given that the cargo consisted of large rolls of printing paper.

Since the statute of limitations began to run on May 14, 1981 when plaintiff obtained a pass from the INP entitling it to retrieve the cargo, the complaint filed May 18, 1982 is time-barred and must be dismissed. Plaintiff's cross-motion for partial summary judgment is similarly denied because it is now moot.

Defendant's motion for summary judgment is granted. Plaintiff's cross-motion

1282

for partial summary judgment is denied. The complaint is dismissed.

It is so ordered.